**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CAROLYN SITT, individually on behalf of herself and all others similarly situated,

          Plaintiff,

  v.

NATURE'S BOUNTY, INC., NBTY, INC.,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

15-cv-4199-MKB-MDG

**STIPULATED CONFIDENTIALITY ORDER REGARDING**
**THE USE AND DISCLOSURE OF DISCOVERY MATERIALS**

      WHEREAS, by and through their counsel, Plaintiff Carolyn Sitt ("Plaintiff") and defendants Nature's Bounty, Inc. and NBTY, Inc. ("Defendants") (together the "Parties," and each, a "Party") have jointly stipulated to the terms of this Protective Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**I.    APPLICABILITY**

      1.    This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing and other information which the disclosing Party designates as "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any Party in connection with this action.

2. In designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" a Party shall make such a designation only as to materials which that Party in good faith believes comprise or reflect currently sensitive information used by it in, or pertaining to, its business which is not generally known and which that Party, to the date of production would normally not reveal to third parties or would cause third parties to maintain in confidence.

## II. USE AND DISCLOSURE OF DISCOVERY MATERIALS

3. CONFIDENTIAL and ATTORNEYS' EYES ONLY material shall be used by the parties to this litigation solely for the purpose of conducting this litigation, and not for any other purpose whatsoever.

4. Information designated as CONFIDENTIAL may be disclosed only to the following persons:

    a. the parties to this action, including their officers, directors and employees;

    b. any counsel working on this action on behalf of any Party, including in-house counsel, and all paralegal assistants, secretarial, stenographic and clerical employees working under the direct supervision of such counsel;

    c. independent experts and consultants retained by attorneys for the parties in the preparation and presentation of the case;

    d. any person who is giving or who will give testimony in this action, except that such a person may only be shown copies of CONFIDENTIAL material during or in preparation of his or her testimony, and may not retain any CONFIDENTIAL material;

    e. court officials involved in this litigation, including the Court and court reporters transcribing trial or deposition testimony in this case; and

    f. any other person designated by the Court in the interest of justice, upon such terms and conditions as the Court may deem proper, which terms shall include that such person has agreed to be bound by this Order, by signing an Acknowledgement Regarding CONFIDENTIAL Material.

6. "ATTORNEYS' EYES ONLY" material may only be disclosed to the Court, including the court reporter and other court personnel, as well as: (a) any counsel representing a Party to this Action; (b) any independent experts and consultants retained by counsel for the parties in the preparation and presentation of the case; (c) the author or recipient of any such document; and (d) any other person designated by the Court in the interest of justice, upon such terms and conditions as the Court may deem proper, which terms shall include that such person has agreed to be bound by this Order, by signing an Acknowledgement Regarding such "ATTORNEYS' EYES ONLY" material.

7. Any documents which the Producing Party designates in writing or by stamp as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be treated as such by the Receiving Party unless the court shall rule otherwise.

8. Subject to limitations in paragraph 6 above, the persons described in paragraphs 4(c) and 4(d) herein shall not have access to CONFIDENTIAL or ATTORNEYS' EYES ONLY material until they have certified that they have read this order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGEMENT REGARDING CONFIDENTIAL and/or ATTORNEYS' EYES ONLY." Counsel for each Party shall maintain a list of the names of all persons to whom they have disclosed CONFIDENTIAL or ATTORNEYS' EYES ONLY material, and shall maintain the originals of all executed Acknowledgements Regarding Confidential Material.

9. Each individual who receives any CONFIDENTIAL or ATTORNEYS' EYES ONLY material hereby agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

10. The recipient of any CONFIDENTIAL or ATTORNEYS' EYES ONLY material that is provided under this order shall maintain such information in a secure and safe area and shall use its best efforts to maintain the confidentiality of such information.

### III. ADMINISTRATION

11. Parties shall designate CONFIDENTIAL or ATTORNEYS' EYES ONLY material as follows:

    a.    in the case of documents, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend, as is appropriate, on any such document prior to production: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or by subsequently designating the documents by Bates number and by so informing the other Party of that designation.

    b.    in the case of depositions, designation of those transcripts (including exhibits) which contain CONFIDENTIAL or ATTORNEYS' EYES ONLY material shall be made by a statement to such on the record during the course of the deposition by counsel for the Party which furnished CONFIDENTIAL or ATTORNEYS' EYES ONLY material to which the deponent has had access. Upon such designation by counsel, the reporter of the deposition shall place the designated testimony and exhibits in a separate volume marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Alternatively, counsel may designate a deposition or portion thereof as CONFIDENTIAL or ATTORNEYS' EYES ONLY by designating those portions of the transcript by page and line within ten days of receipt of the transcript and by so informing the other Party of that designation. During the ten-day period, the entire transcript shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

    c.    The inadvertent failure to stamp a document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be deemed a waiver of such claim of confidentiality.

12. If any Party wishes to use material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in connection with any brief, argument, or other filing with the Court, such material shall be submitted and filed under seal and shall be maintained by the Court

under seal, and shall not be made available to anyone other than the Court and counsel for the parties, unless otherwise ordered by the Court.

13. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or ATTORNEYS' EYES ONLY material, the transcript shall bear the appropriate legend on the caption page and on each page containing material and shall be filed under seal.

14. The Clerk of the Court is directed to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this litigation by any Party which are, in whole or in part, designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such information. The person filing such material shall designate to the Clerk that all, or a designated portion thereof, is subject to this order and is to be kept under seal, except that upon the default of the filing Party to so designate, any Party may do so.

15. Nothing contained in this Order shall affect the right of any Party to make any objection, claim, privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition as permitted by the Federal Rules. Nothing in this order shall constitute an admission or waiver of any claim, or defense by any Party.

16. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY material is used in any court proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL

or ATTORNEYS' EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Any Party shall have the right to exclude from depositions, and to petition the Court for an order to exclude from hearings and trials (in addition to those otherwise excludable under the Federal Rules), members of the public and others not entitled to access to CONFIDENTIAL or ATTORNEYS' EYES ONLY material as provided herein. If such material is used at trial, it shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, pursuant to the provisions of this order.

17. A Party shall not be obligated to challenge the propriety of a CONFIDENTIAL or ATTORNEYS' EYES ONLY material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with such designation, such Party shall provide to the producing Party within ten (10) business days written notice of its disagreement with the designation. The parties shall first try to resolve such a dispute in good faith. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Magistrate Judge following the specified ten (10) business day period. The burden of proving that information has been properly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY is on the Party making such designation. Discovery materials designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY shall continue to be treated as such unless and until ordered otherwise by the Court.

18. Nothing in this order shall preclude any Party to the lawsuit or its counsel from: (a) showing a document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) disclosing or using, in any manner or for any purpose, any information or documents from the

Party's own files which that Party itself has designed as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

19. The parties agree to be bound by the terms of this Order until such time as the Court shall rule thereon.

### IV. UNINTENTIONAL PRODUCTION OF PRIVILEGED MATERIAL

20. Pursuant to Federal Rule of Evidence 502(d), the unintentional production of any privileged or otherwise protected or exempted information, as well as the production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such information, as to the inadvertently produced document and any related material.

21. The producing Party must notify the receiving Party promptly, in writing, upon discovery that a privileged document has been unintentionally produced. Upon receiving written notice from the producing Party that privileged and/or work product material has been unintentionally produced, all such information, and all copies thereof, shall be returned to the producing Party within ten (10) business days of receipt of such notice and the receiving Party shall not use such information for any purpose, except as provided in paragraph 21, until further Order of the Court. The receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

22. The receiving Party may contest the privilege or work product designation by the producing Party, the receiving Party shall give the producing Party written notice of the reason for said disagreement and shall be entitled to retain one copy of the disputed document for use in

resolving the dispute. However, the receiving Party may not challenge the privilege or immunity claim by arguing that the disclosure in this Action is a waiver of any applicable privilege. In that instance, the receiving Party shall, within fifteen (15) business days from the initial notice by the producing Party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period then all copies of the disputed document shall be returned in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving Party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing Party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

## V. REQUEST FOR DOCUMENTS OR INFORMATION SUBJECT TO THIS ORDER IN UNRELATED ACTIONS

23. If any Party receiving documents or information covered by this Order is subpoenaed in another action or proceeding, or served with a document demand, and such subpoena or document demand seeks material which was produced or designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the other Party, the Party receiving the subpoena or document demand shall give prompt written notice to counsel for the other Party and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

## VI. TERMINATION OF THE ACTION AND CONTINUING OBLIGATIONS

24. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL and ATTORNEYS' EYES ONLY material, and all copies thereof upon request shall be returned to the Party which produced it, or, with the express written consent of the Party that produced it, the non-producing Party can and shall destroy the CONFIDENTIAL and ATTORNEYS' EYES DOCUMENTS, and a certification of destruction shall be provided to the Party which produced it; provided, however, that for each Party, counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Party solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, or a dispute over the use or dissemination of CONFIDENTIAL or ATTORNEYS' EYES ONLY materials subject to the terms of this Order. Such retained copy of pleadings and papers shall be maintained in a sealed file accessible only by counsel bound by this Order. This Order shall survive the final termination of this litigation with respect to any such retained CONFIDENTIAL or ATTORNEYS' EYES ONLY materials.

## VII. APPLICABILITY OF ORDER TO THIRD PARTIES

25. In the course of this action, the parties may attempt to discover documents and information from Third Parties. Any Third Party from whom discovery is sought by the parties may avail itself upon the protections and limitations of disclosure provided for in this Order. The Third Party shall identify any CONFIDENTIAL or ATTORNEYS' EYES ONLY material produced in accordance with the provisions of Paragraph 11 hereto. The parties hereby agree to treat any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY produced by a Third Party in accordance with the terms of this Order.

SO ORDERED:

_____
Hon. Marilyn D. Go

STIPULATED AND AGREED TO:

For the Defendants:

By: ___Amanda L. Groves /s/___________

Amanda L. Groves
agroves@winston.com
Desiree M. Ripo
dmripo@winston.com
Nicholas R. Alioto
nalioto@winston.com
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
T: (212) 294-9152
F: (212) 294-4700

Date: ___January 26, 2016_______________

For the Plaintiff:

By: ____Jason P. Sultzer /s/______________

Jason P. Sultzer
sultzerj@thesultzerlawgroup.com
Joseph Lipari
liparij@thesultzerlawgroup.com
The Sultzer Law Group, P.C.
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
T: (845) 705-9460
F: (888) 749-7747

Date: _January 26, 2016__________________

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------- X
CAROLYN SITT, individually on behalf of herself and :
all others similarly situated,                      :
                                                    :    15-cv-4199-MKB-MDG
           Plaintiff,                               :
                                                    :
      v.                                            :
                                                    :
NATURE'S BOUNTY, INC., NBTY, INC.,                  :
                                                    :
           Defendants.                              :
                                                    :
---------------------------------------- X

## ACKNOWLEDGEMENT REGARDING
## CONFIDENTIAL AND/OR ATTORNEYS' EYES ONLY

I, _____, hereby declare and state that:

1. I live at _____ and work for _____, located at _____, where my position is _____.

2. I have carefully read and understood and will comply with all of the provisions of the STIPULATED PROTECTIVE ORDER in the above-captioned proceeding.

3. I will not disclose any CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material to anyone not qualified under the terms of the STIPULATED PROTECTIVE ORDER to receive such information.

4. I will not use any CONFIDENTIAL and/or OF ATTORNEYS' EYES ONLY material for any purpose other than for testifying or for assisting counsel of record in preparing for or conducting trial in this litigation.

5. I will return all CONFIDENTIAL and/or OF ATTORNEYS' EYES ONLY material in my possession, including documents and things which I may prepare relating to any such material, as required pursuant to paragraph 20 of the STIPULATED PROTECTIVE ORDER.

6. I submit to the jurisdiction of this Court for the purpose of enforcement of the STIPULATED PROTECTIVE ORDER against me in this proceeding.


Date:_____       _____
                                   [Name]