

February 21, 2017

**VIA ECF**
Judge Margo K. Brodie
225 Cadman Plaza East, Brooklyn New York 11201

Re:   Carolyn Sitt v Nature's Bounty, Inc. et al., Case No: 15-cv-4199-MKB-MDG

Your Honor:

We represent plaintiff and we write pursuant to Section 3(a) of Your Honor's Individual Rules of Practice.  Plaintiff and proposed class representative Carolyn Sitt seeks a pre-motion conference in advance of filing a motion to amend the Class Action Complaint, which would have the effect of: a) Ms. Sitt withdrawing as the plaintiff and proposed class representative; and b) plaintiff and proposed class member Sonia Cauchi being named in Ms. Sitt's stead.

## I.   Factual and Procedural Background

Many thousands of women across the country were induced to purchase defendants' black cohosh supplements given defendants' representations that the supplements were a natural remedy for alleviating menopausal symptoms. As set forth in the Class Action Complaint (R. Doc. 1), Defendants' representations are demonstrably false and misleading inasmuch as the supplements, *inter alia*: a) do not work (i.e. black cohosh is no better than a placebo at relieving menopausal symptoms), b) are not what they purport to be (i.e. notwithstanding defendant's on-product labeling, the product contains the immunosuppressant magnesium stearate, which is synthetic); and c) are contaminated with lead.

On September 26, 2016, defendants' motion to dismiss was largely denied.  (R. Doc. 32). Thereafter, and pursuant to the court's various scheduling orders, the parties engaged in written discovery.  On January 13, 2017, the parties appeared for a status conference before Magistrate Steven M. Gold to discuss the case status and the parties' various ongoing discovery disputes.

On February 13, 2016, Ms. Sitt informed counsel that due to her ongoing family obligations, and a realistic evaluation of her schedule, she came to the decision that she could no longer adequately serve as the class representative. (Exhibit A).  As set forth in her annexed declaration, she ultimately decided that while she remained interested in ensuring that consumers deceived by defendants obtain redress, her family obligations precluded her from devoting the time necessary to serving as class representative.  (Id.)  On February 14, 2017, undersigned counsel informed defendants' counsel of Ms. Sitt's decision and sought consent to amend the Class Action Complaint and substitute out Ms. Sitt.  Defendants refused to consent.

Accordingly, it is necessary for plaintiff to move to amend the Class Action Complaint so that Ms. Sitt can withdraw and claimant Sonia Cauchi can replace her as a named plaintiff and proposed class representative. As set forth in the proposed Amended Class Action Complaint (Exhibit B), Ms. Cauchi is domiciled in Bayside, Queens and purchased the product in 2015 after she was induced by defendant's false, consumer-directed representations and omissions to pay a premium price for a synthetic, lead-contaminated product that does not work. The only differences between the original, operative Class Action Complaint and the proposed Amended Class Action Complaint are: 1) different party information (i.e. name and place of domicile); and 2) omission of any claim for unjust enrichment or injunctive relief in view of the Court's September 26, 2016 Order dismissing those claims. (Compare Exhibit B with R. Doc. 1).

## II.     Legal Standard

Under Rule 15(a), when a party cannot amend its pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup, Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011). In addition, Rule 21 permits the Court to "on just terms, add or drop a party." Fed. R. Civ. P. 21. "[U]nder Rule 21, courts should apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Ingenito v. Riri USA, Inc.,* No. 11 Civ. 2569 (MKB), 2013 U.S. Dist. LEXIS 27333, 2013 WL 752201, at *3 (E.D.N.Y. Feb. 27, 2013) (quoting *Diggs v. Marikah*, No. 11 Civ. 6382 (PAE), 2013 U.S. Dist. LEXIS 8818, 2013 WL 227728, at *2 (S.D.N.Y. Jan. 22, 2013)).

Further, Under Rule 20(a) of the Federal Rules of Civil Procedure, "[a]ll persons may join in one action as plaintiff if they assert any right to relief. . . arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Rule 20(a) should be liberally interpreted to "enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Leonard v. Abbott Labs., Inc.,* No. 10-CV-4676(ADS)(WDW), 2012 U.S. Dist. LEXIS 30608, at *19-20 (E.D.N.Y. Mar. 5, 2012), quoting *A.I.A. Holdings, S.A. v. Lehman Brothers, Inc.,* No. 97-CV-4978, 1998 U.S. Dist. LEXIS 4175, 1998 WL 159059, at *5 (S.D.N.Y. April 1, 1998) (internal quotation marks and citation omitted).

Here, under the liberal federal pleadings standards, plaintiff should be permitted to amend the operative Class Action Complaint in order to substitute the named plaintiff and proposed class representative.

## III.    Argument

As explained by the court in *Beach v. Citigroup Alt. Invs. LLC,* 2014 U.S. Dist. LEXIS 30032, *1 (S.D.N.Y. Mar. 7, 2014), "in some circumstances, it may come to pass that a named plaintiff, who, before class certification, loses standing to bring a claim. This may be due to changed circumstances, death, or another intervening event…To prevent dismissal, an absent class member, depending upon the state of the case and other considerations, may be substituted for the inadequate named plaintiff, becoming a new named plaintiff in the process." And, in

*Leonard v. Abbott Labs., Inc.,* No. 10-CV-4676(ADS)(WDW), 2012 U.S. Dist. LEXIS 30608 (E.D.N.Y. Mar. 5, 2012), where plaintiff moved (before certification) to amend the complaint to substitute the named plaintiff and proposed class representative, the court granted the motion and stated:

> …At this stage in the litigation, before the Plaintiffs have moved for class certification and where the parties have only engaged in limited discovery, the Defendant would not be prejudiced by the intervention. By contrast, Pagan, as well as the putative New York class would be severely prejudiced by the dismissal of their NYCPA claims. As a result, the Court finds that the interests of justice as well as judicial economy weigh in favor of permitting Pagan to intervene, and therefore grants the Plaintiffs' motion to amend the complaint to add Pagan (hereinafter "the New York Plaintiff") as a named plaintiff and the representative of the putative New York class.  Id. at *20-21 (E.D.N.Y. Mar. 5, 2012).

Indeed, courts across the country routinely permit the substitution of named plaintiffs in class action cases. *See, e.g.*, *Philips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (collecting cases and explaining, "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional ('routine') feature of class action litigation in both the federal courts and the Illinois courts"). This is so even when the case has not yet been certified as a class action. *Id*.

Here, written discovery between the parties is ongoing, depositions have not yet taken place, and plaintiff has not yet moved for certification.  Moreover, a plain review of the operative Class Action Complaint and the Proposed Amended Class Action Complaint reveals that the claims are nearly identical. (Compare Exhibit B with R. Doc. 1).  And, Ms. Cauchi's substitution would not result in Plaintiff seeking any discovery additional to or different from the discovery that would be sought with Ms. Sitt as the proposed or actual class representative.  Thus, the proceedings will not be delayed by the substitution, and defendants will therefore not be prejudiced.

Further, as is evident from a review of the annexed Sitt declaration (Exhibit A), plaintiff filed this pre-motion request expeditiously and in good faith once Ms. Sitt's decision was made and conveyed to counsel.  Counsel has been retained by Ms. Cauchi, who is willing to act as a representative plaintiff, and whose claims against defendants are identical to the claims alleged by Ms. Sitt.  As such, the amendment should be permitted.

> Very truly yours;
> **THE SULTZER LAW GROUP P.C.**
>
> Joseph Lipari