

North America   Europe   Asia

100 N. Tryon Street, 29th Floor
Charlotte, NC 28202
T +1 704 350 7700
F +1 704 350 7800

February 21, 2017

VIA ECF FILING SUBMITTED TO CHAMBERS

Magistrate Judge Steven M. Gold
Eastern District of New York

      Re:    *Sitt v. Nature's Bounty, Inc. et al.*, Case No. 1:15-cv-04199-MKB-SMG

      Defendants write to inform the Court of Plaintiff's repeated failure to appear for her deposition, this time in violation of a Court order; her overall failure to participate in this action she initiated more than 19 months ago; and her indication that she will no longer prosecute this action.  Pursuant to L.R. 37.3, Defendants outline the nature of the dispute below and respectfully urge the Court to: (1) issue a Report and Recommendation that this matter be dismissed as a sanction for Plaintiff's discovery failures; and (2) regardless of a dismissal, to award Defendants fees and costs for the two cancelled depositions and our fruitless efforts to pursue discovery from Ms. Sitt.  If it would please the Court, Defendants are prepared to submit fuller briefing and appear for a status conference at the Court's earliest convenience.

**Background**

      Plaintiff filed this putative class action in July 2015, alleging that Defendants' Black Cohosh herbal supplement ("Product") fails to alleviate symptoms associated with menopause, among other alleged false claims.  Notwithstanding the seriousness and scope of her putative nationwide class allegations, Plaintiff has failed to produce a single document in discovery, failed to provide a single substantive response to the interrogatories served, and failed—twice—to appear for her noticed deposition, the second time of which was in violation of Your Honor's Order.

      As Your Honor may recall, the parties appeared for a status conference on January 13, 2017, to address Plaintiff's first last-minute cancellation of her deposition, which was duly noticed for December 8, 2016, but Plaintiff cancelled 36 hours before citing an "unexpected conflict."  At the conference, the parties discussed Plaintiff's discovery failures (which continue to the present), and the Court ordered Plaintiff to appear for her deposition on or before February 13, 2017.  *See* Dkt. No. 39, Minute Entry.  During the conference, the parties also discussed that the deposition would include reasonable inquiry regarding Ms. Sitt's menopause and medical history and experience with the Product, if any (her complaint does not allege she took the Product nor has she produced any information demonstrating that she did, in fact, purchase the Product), and that Ms. Sitt should bring the Product(s) or any such packaging in her possession to the deposition.

      Following the conference, the parties agreed for Ms. Sitt's deposition to proceed February 15, 2017.  But on February 14th — a mere 26 hours before the deposition was noticed to proceed — Plaintiff cancelled yet again.  *See* February 14, 2017 email attached as Exhibit A.  Her counsel cited Plaintiff's "family obligations" and advised that she "cannot devote the time necessary to serving as class representative."  Ms. Sitt's unavailability was apparently known for some time, as counsel advised Defendants in this same communication that they already "have a new plaintiff."

February 21, 2017
Page 2

The parties met-and-conferred on February 15 and 21, 2017, but counsel could not reach an agreement on the relief requested below.

**Argument**

### A.   Dismissal Under Federal Rule of Civil Procedure 37(b) Is Proper.

Defendants acknowledge that a terminating sanction dismissing this action under Federal Rule 37(b) can be a harsh remedy.  But, as the Second Circuit has explained, "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where they are clearly warranted." *Jones v, Niagara Frontier Transp. Auth.*, 836 F.2d 731, 735 (2d Cir. 1987).  Before issuing a terminating sanction, the Court should consider Plaintiff's conduct, the prejudice to the Defendants, the availability of less severe sanctions, and the notice to the Plaintiff that her conduct could result in a dismissal. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).  Each factor supports dismissal here—particularly given Plaintiff's lost interest in pursuing her own claims.

**Conduct**: Cancelled depositions and a failure to provide discovery—as Ms. Sitt has done here—are proper grounds for terminating sanctions. *Valentine v. Museum of Modern Art*, 29 F.3d 47, 48–49 (2d Cir. 1994) (dismissal:  plaintiff failed to attend multiple court-ordered depositions); *Baez v. Majuri*, 2013 WL 4434444, at *2 (E.D.N.Y.) (terminating sanction: plaintiff repeatedly failed to attend court-ordered medical examination); *Alexander v. Boscaino Auto Collision, Ltd.*, 2012 WL 4867507, at *1 (E.D.N.Y*.), report and rec. adopted sub nom.*, 2012 WL 4867473 (E.D.N.Y.); *Microsoft Corp. v. Computer Care Ctr.*, 2008 WL 4179653, at *5–6 (E.D.N.Y.) (default judgment where defendants willfully disregarded multiple court orders to provide discovery).  Ms. Sitt's vague references to an "unexpected conflict" or "family obligations" do not justify the cancellation of deposition dates agreed to by counsel and/or ordered by the Court.  Rather, these cancellations coupled with Ms. Sitt's failure to provide any discovery suggest a willful refusal to participate in an action she initiated.

**Prejudice**: Defendants have incurred fees and costs in connection with these discovery abuses, including preparing for the cancelled depositions and pursuing discovery from Ms. Sitt which she apparently had no intention of providing.  The Court should also consider the "deterrent" effect for other class action plaintiffs and their counsel who abuse the discovery process.  *Nat'l Hockey League et al. v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976); *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) (rejecting "the 'no harm, no foul' standard for evaluating discovery sanctions").

**Effectiveness of less severe sanctions**:  Plaintiff has expressed no desire to participate in discovery in this case, and intends to end her status as the named plaintiff 19 months after starting it.  Given Plaintiff's own lost interest, Defendants respectfully submit that dismissal is the most logical and effective result here, and that no other sanction would be as effective.

The Court should reject any suggestion by Plaintiff that dismissal is not warranted because a new plaintiff could be substituted in. As an initial matter, courts have issued terminating sanctions to named plaintiffs in a putative class case. *E.g.*, *Steadman v. Bassett Furniture*, 2014

WL 12577588, at *6 (S.D. Cal.), *report and rec. adopted sub nom. Steadman v. Bassett Furniture*, 2015 WL 12699859 (S.D. Cal.).  But, holding otherwise would also encourage class plaintiffs and their counsel to drag out the discovery process while looking for new or better plaintiffs.

**Notice to Plaintiff**:  Though notice to Plaintiff is a less significant factor given that she is represented by class counsel, *Baez*, 2013 WL 4434444, at *2, Ms. Sitt and her counsel were no doubt on notice—including because of the discussion during the last status conference—that a persistent failure to participate would be sanctionable.

### B. Defendants Are Entitled to their Fees and Costs for the Cancelled Depositions and For Their Efforts to Pursue Discovery From Ms. Sitt.

At minimum, Defendants are entitled to fees and costs under Rule 37 for the cancelled depositions and for their efforts to pursue discovery from Ms. Sitt.  Numerous district court cases in the Second Circuit have permitted attorneys' fees and costs as a sanction for depositions cancelled on short notice.  The fee awards have included reasonable attorneys' fees for preparation time, filing the motion for sanctions, and for expenses (travel, court reporter, etc.).  *See, e.g.*, *Edmonds v. Seavey*, 2009 WL 1285526, at *3 (S.D.N.Y.), aff'd, 379 F. App'x 62 (2d Cir. 2010) ("After cancelling and re-scheduling once previously, Mr. Haywoode then attempted to cancel again on the eve of the deposition, when it was impossible to seek court intervention … Under these circumstances, the defendants are entitled to an award of costs, including reasonable attorneys' fees."); *see also the underlying fees opinion*, *Edmonds v. Seavey*, 2009 WL 1598794, at *2 (S.D.N.Y.) (fees for deposition preparation); *see also Ceglia v. Zuckerberg*, 2012 WL 5988637, at *5 (W.D.N.Y.) ("District courts within the Second Circuit have awarded the costs of canceled depositions, including travel and lodging expenses, as well as expenses for the time expended by the experts and attorneys preparing for the canceled depositions."); *Carlson v. Geneva City School District*, 2011 WL 3957524, at *4–5 (W.D.N.Y.) (costs for deposition canceled on less than four days' notice); *Star Direct Telecom v. Global Crossing Bandwidth*, 2010 WL 3420730, at *3–4 (W.D.N.Y.) (fees and costs for deposition canceled on less than 48 hours' notice); *Charlot v. City of New York*, 2005 WL 147292, at *3 (S.D.N.Y.) (costs for last-minute cancellation of deposition); *Credit Suisse First Boston v. LaMattina*, 2005 WL 3479864, at *2 (E.D.N.Y.) (same).

********************************

Based on the foregoing, Defendants ask the Court to issue a Report and Recommendation dismissing the case (or to set a briefing schedule so the Parties could further brief the issues) and award the Defendants their attorneys' fees and costs for the cancelled depositions.  Defendants will submit a detailed fees and costs report after the Court rules substantively on their request.

Respectfully submitted,

By: /s/ Amanda L. Groves
Amanda L. Groves (*pro hac vice*)
Joanna C. Wade (*pro hac vice*)
WINSTON & STRAWN LLP

February 21, 2017
Page 4

100 North Tryon Street
Charlotte, NC 28202-1078
Telephone: (704) 350-7755
agroves@winston.com
jwade@winston.com
*Attorneys for Defendants Nature's
Bounty, Inc. and NBTY, Inc.
(n/k/a The Nature's Bounty Co.)*